IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARKUS CRAWFORD, # N-30639 ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 12-cv-1102-GPM |
| ) | |
| ASST. WARDEN HILLIARD, ) | |
| LT. QUIGLEY, and ) | |
| JOHN DOE ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**Murphy, District Judge:**

Plaintiff, Markus Crawford, is currently incarcerated at Shawnee Correctional Center ("Shawnee"), and has filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is currently serving a twenty year sentence for burglary. According to Plaintiff, Defendants have violated his due process rights by imposing punishment upon him for no reason.

Plaintiff complains that Defendant John Doe issued Plaintiff a disciplinary ticket that caused Plaintiff to receive a disciplinary action of room restrictions. Plaintiff objected to this discipline, and lodged his objection by engaging in a hunger strike and by complaining to authorities. Defendant Hilliard spoke to Plaintiff about the ticket and informed Plaintiff the ticket would be expunged. After fifteen days of the restrictions, Plaintiff's ticket was expunged. Indeed, Plaintiff also states that Defendant Quigley, in his supervisory capacity, denied Plaintiff access to legal materials, religious services, and counseling.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief

28 U.S.C. § 1915A.

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has failed to articulate *any* colorable claim against Defendants Hilliard, Quigley, and or John Doe.  Plaintiff claims correctional officers are imposing punishment upon him even though Plaintiff has not been found guilty of any rule or policy violations.  To the extent Plaintiff is making a claim for false disciplinary reports against Defendant Doe, this claim fails.  A claim for the filing of false disciplinary reports fails to state a claim when procedural due process requirements were previously afforded to the plaintiff.  *See Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th Cir. 1984).  While it is true that prisoners have the right to be free from arbitrary actions by prison officials, the "protections against such action are the procedural requirements of disciplinary actions." *McKinney v. Meese*, 831 F.2d 728, 733 (7th Cir. 1987).  Here, the exhibits attached to Plaintiff's complaint reveal that he received all the process he is entitled to receive.

Additionally, Plaintiff has failed to state a claim upon which relief can be granted for the denial of due process.  The discipline at issue in this case is fifteen days of room restrictions.  This discipline fails to implicate a liberty interest on the part of Plaintiff because an inmate has no liberty interest in movement outside of his cell.  *See Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996).  Accordingly, Defendant John Doe is **DISMISSED with prejudice**.

Defendant Hilliard is an Assistant Warden who spoke with Plaintiff about his objection to the ticket and ultimately expunged the ticket. Defendant Quigley, according to Plaintiff, is a supervisor over room restrictions and has no personal responsibility the Court can discern, for any alleged unconstitutional conduct claimed by Plaintiff. "The doctrine of *respondeat superior* does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). Plaintiff has failed to plead sufficient facts that allege either Defendant Hilliard or Quigley have personally engaged in a deprivation of Plaintiff's constitutional rights. Plaintiff's claim that Defendant Quigley, while acting in his supervisory capacity, denied Plaintiff access to legal materials, religious services, and counseling fails to rise to the requisite level of personal involvement. A plaintiff must demonstrate that supervisory officials are personally responsible for alleged deprivations. *Monell v. Dept. of Soc. Serv.,* 436 U.S. 658, 694 (1978). Accordingly, Defendants Hilliard and Quigley are **DISMISSED with prejudice**.

**Pending Motions**

The motion for a copy of the complaint in this matter is **DENIED** (Doc. 5). Copies of documents are mailed to litigants only upon prepayment of the $0.50 per page charge. *See* 28 U.S.C. § 1914(b); §(4) of The Judicial Conference Schedule of Fees. Should Plaintiff wish to order a copy of the complaint in this case (Doc. 1), the fee shall be $5.00 for the 10 page complaint, and an additional $9.00 for the 18 pages of exhibits attached to the complaint.

**Disposition**

Plaintiff's claims for the filing of false disciplinary reports and for the denial of due process fail to state a claim upon which relief can be granted. These claims are **DISMISSED**

with prejudice. Defendants **HILLIARD, QUIGLEY AND JOHN DOE** are **DISMISSED with prejudice**.

Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). The Clerk of the Court is **DIRECTED** to **CLOSE** this case on the Court's docket.

**IT IS SO ORDERED.**

**DATED:** January 22, 2013

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge